IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PATRICK J. STACKS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-140-RP |
| CITY OF BELLMEAD, TEXAS, EVERETT "BO" THOMAS, and LYDIA ALVARADO, | § § § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Defendant Lydia Alvarado's Motion to Dismiss. (Dkt. 7). The case was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Magistrate Judge Manske filed his Report and Recommendation to deny the motion on October 4, 2016. (Dkt. 11). Defendant Alvarado filed an objection to that report on October 11, 2016, arguing that the magistrate judge erroneously recommended that her motion to dismiss be denied. (Dkt. 12). In light of these objections, the Court has undertaken a de novo review of the entire case file in this action and finds that Magistrate Judge Manske's Report and Recommendation is correct and should be approved and accepted.

**I. BACKGROUND**

A summary of the allegations in Plaintiff's complaint is included in the report and recommendation of the magistrate judge. In short, Plaintiff Patrick J. Stacks alleges that Defendant Lydia Alvarado, the City of Bellmead's Chief of Police, along with City Manager Everett "Bo" Thomas and the City of Bellmead, unlawfully retaliated against him under the First Amendment and

1

42 U.S.C § 1983 when he was terminated from his job as a police officer after helping to organize and becoming President of the Bellmead Police Officer Assocation ("BPOA"). Defendant Alvarado moved to dismiss the claims against her, arguing that she was entitled to qualified immunity because she was not the final decision maker regarding Plaintiff's termination and that Plaintiff was not fired based on protected speech. Defendant Alvarado argued that under Fifth Circuit precedent, she is entitled to qualified immunity because if she was not the final decision maker, the actions she allegedly took in the complaint, including recommending Plaintiff's termination, do not violate clearly established law.

The magistrate judge determined that Plaintiff adequately alleged that Defendant Alvarado was the final decision maker and recommended denying Defendant Alvarado's motion to dismiss. Defendant Alvarado timely filed objections to this recommendation.

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify allegations in the complaint that are no more than legal conclusions or "[t]hreadbare recitals of a cause of action's elements," then assume the veracity of well-pleaded factual allegations and "determine whether they

2

plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Defendant Alvarado makes six objections to the Report and Recommendation of the magistrate judge. (Def.'s Objs. at 4–11, Dkt. 12). However, these objections are largely overlapping, and consist of four primary arguments: first, that Plaintiff's allegations and the city charter establish that Defendant Everett "Bo" Thomas was the final decision maker with respect to Plaintiff's termination; second, that to the extent Plaintiff pled that Defendant Alvarado was a final decision maker, his allegations are conclusory and insufficient to meet the requirements of Federal Rule of Civil Procedure 8; third, that Plaintiff's allegations regarding Defendant Alvarado's involvement in the termination are akin to those in *Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) and thus require dismissal of the claims against Alvarado based on qualified immunity; and fourth, that the magistrate judge erroneously denied Defendant Alvarado's qualified immunity defense by not considering whether Defendant Alvarado's actions violated clearly established law of which a reasonable officer would have been aware. The Court will address each of these arguments below.

### A. Allegations Regarding Defendant Thomas & City Charter

Defendant Alvarado argues that Plaintiff's claims against her must be dismissed because Plaintiff's "complaint . . . admitted that, by Charter, the City Manager [Defendant Thomas] was the final authority and decision maker as to termination of employees." (Def.'s Objs. at 1, Dkt. 12). Later within her objections, Defendant goes so far as to assert that Defendant Alvarado was not the final decision maker with respect to Plaintiff's termination as a matter of law under the City Charter. (*Id.* at 5). The Court rejects both of these arguments.

First, to the extent Defendant Alvarado argues that Plaintiff's claims against her must be dismissed because Plaintiff "admitted" that Defendant Thomas is the final decision maker within his complaint, her argument is at direct odds with the federal rules. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *see also Leal v. McHugh*, 731 F.3d 405, 414 (5th Cir. 2013) (finding that "allegedly inconsistent factual allegations" are "not fatal" to plaintiff's complaint); *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) ("Plaintiffs are permitted to plead in the alternative."). Plaintiff's allegations need not be consistent under the federal rules so long as his different theories are plausible.[1] Further, Defendant Alvarado does not get to pick the theory she likes best—that Defendant Thomas is the final decision maker—and argue that theory is an admission, while ignoring Plaintiff's alternate theory— that she is the final decision maker.

Second, simply because the City Charter grants Defendant Thomas the authority to terminate city employees does not mean that Defendant Alvarado could not be the final decision maker with respect to the city's police officers or Plaintiff. A final decision maker can have been delegated that duty by another. *See, e.g.*; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("Authority to make municipal policy may be granted directly by a legislative enactment or *may be delegated by an official who possesses such authority. . . .* [M]unicipalities often spread policymaking authority among various officers and official bodies." (emphasis added)); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010) ("A city's governing body may delegate policymaking authority (1) by express statement or formal action or (2) 'it may, by its conduct or practice, encourage or acknowledge the agent in a policymaking role.'").[2] The City Charter does not preclude a delegation

---

[1] The Court addresses the plausibility of the allegations against Defendant Alvarado *infra* Part III.C.
[2] The Fifth Circuit draws a distinction between final decision-making authority and final policy-making authority. "[F]or [a] municipality to be liable, the decision (whether or not one of policy) must be made by an official with final *policymaking* authority in respect to the matter decided." *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1246 (5th Cir. 1993). This distinction is not relevant, however, to Defendant Alvarado's possible liability, only the City's, which is not currently at issue.

by Defendant Thomas, and it is quite plausible that a city's police chief might be delegated the responsibility of making employment decisions with respect to the city's police officers.

In response to Plaintiff's suggestion that his arguments in the alternative are allowed by the federal rules and not precluded by the City Charter, Defendant Alvarado invents a new (and unsupported) theory: if Defendant Thomas is alleged to be *involved* in the termination, it must be that he was the final decision maker, and not Defendant Alvarado. This theory fails for two reasons. First, it again ignores that Plaintiff may plead in the alternative. Thus, while the allegations regarding Defendant Thomas indicate he was involved in the decision, those allegations are followed by *alternative* allegations that Defendant Alvarado was the decision maker. Defendant Alvarado simply ignores Plaintiff's indication in his complaint (with words like "[a]lternatively" and "or") that these allegations are not necessarily intended to be read together. Second, it is factually plausible that Defendant Alvarado could have been delegated authority over the decision to terminate Plaintiff, while Defendant Thomas was still involved.[3] The Court therefore rejects Defendant's arguments that Plaintiff's allegations regarding Defendant Thomas and the City Charter preclude Plaintiff's allegations against her.

### B. Adequacy of Pleadings

Related to Defendant Alvarado's objections that Plaintiff's allegation regarding Defendant Thomas are "fatal" to his allegations against her is Defendant Alvarado's argument that Plaintiff has not plausibly alleged that she has final decision-making authority. Yet Plaintiff's complaint includes specific factual allegations that make the allegation that Defendant Alvarado was the final decision-maker with respect to Plaintiff's termination plausible. Plaintiff alleged that Defendant Alvarado was

---

[3] Defendant Alvarado emphasizes that Plaintiff alleges Defendant Thomas may have ratified Defendant Alvarado. While a delegation of authority to Defendant Alvarado would be sufficient to give her final decision-making authority, she would not be the final decision maker if Defendant Thomas had to ratify her decision. Including both an actionable and non-actionable cause of action does not, however, require dismissal of a party's claim. *Leal*, 731 F.3d at 414 ("[N]on-actionable and actionable claims may be pled together in one complaint without rendering it susceptible to dismissal.").

5

displeased by the existence of the BPOA and made that known to some of the City's police officers. (Am. Compl. ¶ 3.04–.05). Plaintiff also alleged that "a police officer, who was the vice-president of the BPOA, was terminated from employment by Defendant Alvarado within a few days of the City Council meeting." (*Id.* ¶ 3.05). Then, when Plaintiff was terminated, "Defendant Alvarado commented that there was a 'difference in philosophy'" at his termination meeting. (*Id.* ¶ 3.06). These allegations indicate that it was Defendant Alvarado, possibly alone, that communicated to both Plaintiff and another member of the leadership of the BPOA that they were terminated. Based on these allegations, it is reasonable to infer that Defendant Alvarado, the Chief of Police, was the one with final decision-making authority to terminate Plaintiff because she was delegated that authority from Defendant Thomas. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### C. Relevance of *Culbertson*

Defendant Alvarado argues that because the Fifth Circuit held in *Culbertson* that a defendant who did not have final decision making authority was entitled to qualified immunity for a recommendation of termination, Defendant Alvarado is entitled to qualified immunity here. The magistrate judge correctly concluded that *Culbertson* is inapplicable because Defendant Alvarado's final decision-making authority is plausibly alleged. *See Culbertson v. Lykos*, 790 F.3d 608, 627 (5th Cir. 2015) (granting qualified immunity where it is unclear "whether someone *who is not a final decision-maker* and makes a recommendation that leads to the plaintiff being harmed can be liable for retaliation under Section 1983" (emphasis added)). Because the Court concludes that Plaintiff has plausibly alleged that Defendant Alvarado was a final decision maker, and not just one who recommended or was involved in Plaintiff's termination, it agrees that the holding in *Culbertson* regarding non-final decision makers is not applicable here.

## D. Qualified Immunity

Finally, Defendant Alvarado argues that the magistrate judge's Report and Recommendation failed to consider whether Defendant Alvarado's actions violated clearly established law of which a reasonable officer would have been aware. It is, however, quite clear that if Defendant Alvarado was the final decision maker, as alleged by Plaintiff, the conduct alleged by Defendant Alvarado is unlawful retaliation and thus objectively unreasonable in light of clearly established First Amendment law. As the magistrate judge noted, "a First Amendment retaliation claim in the employment context has four elements: (1) the plaintiff suffered an adverse employment decision, (2) the plaintiff's speech involved a matter of public concern, (3) the plaintiff's interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004). This framework has been established within the Fifth Circuit for more than fifteen years. *See id.*; *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999).

Here, Defendant Alvarado did not dispute (1) that Plaintiff suffered an adverse employment action; (2) that Plaintiff's speech involved a matter of public concern; or (3) that Plaintiff's interest in speaking outweighed the City's interest in promoting efficiency. *See Culbertson*, 790 F.3d at 617. And Defendant Alvarado did not object to the magistrate judge's conclusion that Plaintiff has alleged that his protected speech motived Defendant Alvarado's conduct. Thus, at this stage in the litigation, where Defendant Alvarado is plausibly alleged to be a final decision maker, Defendant Alvarado is not entitled to qualified immunity.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 11) is **APPROVED AND ACCEPTED**.

The Court **ORDERS** that Defendant's Motion to Dismiss (Dkt. 7) is **DENIED**. The Court further **ORDERS** this case be **REFERRED** back to Magistrate Judge Jeffrey C. Manske.

**SIGNED** on November 21, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE